GEORGE TUCKER v. THE STATE.

No. 279.    Decided January 12, 1910.

Rehearing denied February 9, 1910.

**Burglary—Accomplice Testimony—Charge of Court.**

Where upon trial for burglary, it was not shown affirmatively whether a State's witness was an accomplice, the court did not err in submitting the issue of accomplice to the jury as a question of fact; and where this charge taken as a whole was sufficient, there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Horace Williams,* for appellant.—On question of court's charge on accomplice testimony: Bell v. State, 39 Texas Crim. Rep., 677, 47 S. W. Rep., 1010; Davis v. State, 55 Texas Crim. Rep., 495, 117 S. W. Rep., 159; Garlas v. State, 48 Texas Crim. App., 449; Parks v. State, 35 Texas Crim. App., 378; Jones v. State, 7 Texas Crim. App., 338.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This appeal is prosecuted from a conviction had in the Criminal District Court of Dallas County, where, on February 13 of last year a penalty of two years confinement in the penitentiary was assessed against appellant on a charge of burglary. The evidence showed that the saloon of one J. J. Petsch had been entered in the night-time and some whisky taken therefrom. A knife was found in the saloon which was identified as the property of appellant. In addition to that the State proved by one Bessie Dean that on the morning after the burglary appellant stated to her that he had stolen whisky out of a saloon. Jim Williams testified that on the night of the burglary he was at home and that about half past one o'clock in the morning appellant came to him and called him out doors and said he had some whisky and wanted him to help carry it.

1. There are a number of questions raised on the appeal, none of which we believe are meritorious. The only matter which we desire to discuss is that portion of the motion for new trial which complains of the charge of the court in respect to the matter of accomplice testimony. On this issue and question the court thus instructed the jury:

"Gentlemen of the jury: You are instructed that a conviction for the crime can not be had upon the testimony of an accomplice, and the same can not be done unless the evidence of said accomplice is corroborated by other testimony tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. An accomplice is any person who is connected with the crime by unlawful act or commission on his part, transpiring either before, at the time of or after the commission of the offense, and whether or not he was or was not present and participated in the commission of the offense committed. Before you can convict the defendant upon the testimony of an accomplice you must find and believe from the evidence that the same is true and that the corroboration shows, or tends to show that he committed the offense charged, but if you have a reasonable doubt thereof, find him not guilty.

"As to whether or not one is an accomplice is a question for you to determine from the facts and circumstances in the case. Should you determine a witness is an accomplice, you will not consider the evidence of such person unless the same is corroborated as herein instructed. However, I will instruct you that the witness Jim Williams must be corroborated as an accomplice witness under this charge. As to the other witnesses, Bessie Dean, Jim Tucker, John Dean, Marshall Dean and Lee Dean, I instruct you that unless you believe beyond a reasonable doubt that they are not accomplices as the same is defined to you in this charge, you will decide they are accomplice witnesses, and in that event they must be corroborated in the manner above stated to you. You are instructed that one accomplice can not corroborate another accomplice in such a way as to satisfy the demands of the law, nor will any number of accomplice witnesses be sufficient to sup-

port each other. There must be evidence outside of the testimony of the accomplice witnesses tending to prove the crime was committed and tending to connect the defendant therewith before the same would be considered sufficient corroboration." Among other things it is complained that the court did not instruct the jury in terms and directly that the witness Bessie Dean was in law, under the admitted facts, an accomplice. We do not think the court would have been justified in assuming as a matter of fact, or as a matter of law, that the witness was an accomplice. After testifying that she, with a number of other parties at the house where she was staying, sat up and drank whisky, she then states: "The next morning George Tucker offered me a drink out of a bottle and told me that he had stolen it out of a saloon the night before. I asked him to pour some of it out for me because I did not want to drink it then, but would drink it after breakfast." This does not connect her, of necessity, as a receiver of stolen property, knowing same to be stolen. Her prior participation in drinking it had been without knowledge that it was stolen, and on being informed that it was stolen, in connection with an offer of a drink, she merely asked appellant to pour it out for her, that she did not want to drink it then, but would after breakfast. There is no showing that, as a matter of fact, she did drink any portion of the whisky after receiving the knowledge of its being stolen. While isolated and separated clauses of the charge of the court may be subject to verbal criticism, we think, when tested as a whole as all charges should be considered that it sufficiently presents this issue to the jury. As we read the record there is·no doubt of appellant's guilt, nor do we believe there was any error committed on the trial for which we would be justified in reversing the judgment of conviction.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied February 9, 1910.—Reporter.]

