### HALLECK BELLEW, ALIAS BLUE BOY v. STATE.

No. 2038.   Decided November 27, 1912.

#### 1.—Burglary—Charge of Court—Accomplice.

Where, upon trial of burglary, the court's charge on accomplice testimony followed approved precedent, there was no error. Following Tucker v. State, 58 Texas Crim. Rep., 271.

#### 2.—Same—Sufficiency of the Evidence.

Where, upon trial of burglary in the night-time, the evidence sustained the conviction, there was no reversible error.

#### 3.—Same—Newly Discovered Evidence—Want of Diligence.

Where the motion for new trial showed a want of diligence in not procuring the alleged newly discovered evidence on the trial of the case, there was no error.

#### 4.—Same—Appointment of Counsel.

Where the record on appeal did not show that the defendant requested or desired an attorney to be appointed by the court representing him on the trial, there was no error.

Appeal from the District Court of Briscoe.   Tried below before the Hon. R. C. Joiner.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. E. Daniel,* for appellant.—On question of the court's charge on accomplice testimony: Pace v. State, 58 Texas Crim. Rep., 90, 124 S. W. Rep., 49; Wadkins v. State, 58 Texas Crim. Rep., 110, 124 S. W. Rep., 960; Baggett v. State, 144 S. W. Rep., 1136.

On question of insufficiency of the evidence: Hamilton v. State, 11 Texas Crim. App., 116; Melton v. State, 24 id., 287; Edwards v. State, 36 Texas Crim. Rep., 387.

On the question of appointment of counsel: Valle v. State, 9 Texas Crim. App., 57.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted, convicted and given the lowest penalty for night-time burglary of a store belonging to one Fawcett.

It seems he had no attorney to represent him on the trial of the case in the court below until after his conviction. Why this was is not disclosed by the record. It does not show that he requested or desired an attorney to be appointed by the court to represent him on the trial.

After his conviction it seems he succeeded in procuring attorneys to file a motion for new trial for him. The attorneys who filed this motion are different from his attorney who now represents him on this appeal. The motion for new trial sets up only three grounds: first, that the paragraph of the court's charge on the law of accomplice is error in that it authorized his conviction if the testimony tended to prove the commission of an offense and his connection therewith; second, because the evidence is insufficient to show he had any knowledge that an offense was about to be committed on the night of the burglary, or that one had been committed until some time thereafter, and was not told by any of the guilty parties that an offense had been or was about to be committed, and it does not show that he participated in the commission of the offense; third, that he was not represented by counsel, and did not know how to bring out his defense, and he now tenders proof from the accomplice, Tal Watkins, that he knew nothing whatever about the commission of the offense, and that said Watkins would have so testified if he had been asked to do so.

The record shows that said Watkins testified on the trial. The court specifically charged that he was an accomplice. The charge is in almost literal compliance with that in the case of Tucker v. State, 58 Texas Crim. Rep., 271, which was specifically held correct in that case. We think the charge of the court on the subject is not fatally defective as claimed by appellant, and is in substantial compliance with the statute and the decisions on the subject.

The evidence is not very strong. The case seems, for some reason, not to have been fully developed. We have gone over it several times carefully, and, in our opinion, it was sufficient to justify the verdict,

and this court would not be justified in holding otherwise. It sufficiently shows, that on the night charged, the storehouse of said Fawcett was burglarized and several pairs of gloves stolen out of it by the burglars at the time; that the house was by force actually entered by said Watkins and Dave Miller, they taking the gloves out of the house at the time and immediately taking them and putting them in appellant's buggy. He (appellant) had driven with these two persons up close to the back of this store, and waited there in his buggy until they went, broke into the store, stole from and brought and put in his buggy the stolen gloves. That those two persons then got in the buggy with him and he drove away from the store and the little town; that other boys on horseback, with whom these three persons had been with more or less during that night, also rode off following the buggy. That when they got about half a mile from the town they all stopped, one of the party took the gloves out of the buggy, distributed to each of them, including appellant, one pair thereof, · and that one of them then took all the remainder of the gloves, and hid them in the trunk of one of the boys along with them that night. The next day when the offense was being investigated, he took the gloves out of this trunk and hid them under cotton seed hulls in a feed pen, where they were afterwards, together with those gloves that had been distributed to the various parties, including appellant, recovered. The owner of the store and his wife both testified that the property which was taken out of their store was without their knowledge and consent, and they specifically testified that they did not give the appellant and neither of the persons who actually entered the house, permission or authority to do so. The evidence further shows that for some time that night prior to the actual burglary, several other boys, besides appellant and his two companions who went around back and forth and away with him in his buggy, were back and forth over the town, to a church, some of them going in, others not, but upon the whole the evidence sufficiently shows that appellant's immediate companions during all this time were the two persons who were shown to have gone with him in his buggy to the back of the burglarized store and remained therein until they committed the burglary and the theft, and brought the goods back and placed them in his buggy, and immediately upon their doing so the three in the buggy drove off together and stayed together until after the distribution of the gloves as shown above. This is also shown to have occurred on a bright moonlight night, and we take it the jury was justified in concluding that he saw and knew all that was done and being done, and was a party thereto at the time of the burglary and theft and distribution of the stolen goods. The evidence was further sufficient to justify the jury to believe and find that the gloves that were distributed, and the pair that appellant himself received and got, were identified by the Fawcetts as the goods that were stolen out of their house the night of the burglary.

The record shows that said accomplice, Tal Watkins, was the first witness introduced by the State. Of course, appellant was present and heard his testimony. He had the right to cross-examine him if he so desired. It seems he did cross-examine another witness, and that he himself introduced still another in his own behalf after the State had rested. Nowhere in the record is it shown or attempted to be shown by either the affidavit of the appellant, or of said witness Watkins, that he would have testified as claimed by appellant in his motion for new trial, and he in no way accounts for his failure to have him so testify, if he would, otherwise than the unsworn statement in the motion, that he was not represented by counsel and did not know how to bring out his defense.

In our opinion no reversible error is shown, and the judgment will be affirmed.

*Affirmed.*