# MARCH, 1920.

### Dick Fitzgerald v. The State.

#### No.    5567.    Decided March 3, 1920.

1.—Robbery—Change of Venue—Practice in District Court—Indictment.

Where the motion to quash the indictment came after the venue had been changed, the same was too late, as it is required that all special pleas must be presented before the change of venue is had. Following: Goode v. State, 67 Texas Crim. Rep., 229.

2.—Same—Evidence—Finding Stolen Property.

Upon trial of robbery, there was no error in admitting testimony that the district attorney and others went to the house defendant had been living in, after the robbery was committed and there found in the loft the watch which had been taken in the alleged robbery.

3.—Same—Charge of Court—Accomplice—Question of Fact—Rule Stated.

Where the issue of accomplice was contested there was no error in submitting this question of fact in a proper charge to the jury. Following: Tucker v. State 58 Texas Crim. Rep., 271, and other cases; besides, there was direct testimony that this witness was not an accomplice.

4.—Same—Circumstantial Evidence—Charge of Court—Confession.

The confession of an accused, though testified to by one who is admitted to be an accomplice, would take the case out of the domain of circumstantial

evidence and no charge thereon is necessary.  Following: McKinney v. State, 48 Texas Crim. Rep., 405, and other cases.

**5.—Same—Principals—Charge of Court.**

Where, upon trial of robbery, the evidence showed that the same was committed by defendant and a State's witness, there was no error in submitting a charge on principals.

**6.—Same—Moral Turpitude—Other Offense—Charge of Court—Practice.**

Where, upon trial of robbery, it was shown that the defendant had been charged or convicted of other offenses, and the court in his charge limited said testimony to the credibility of the defendant, after his attention had been called to his omission to do so, there was no reversible error.

**7.—Same—Requested Charges—Practice on Appeal.**

Where the matters contained in the refused special charges were covered in the court's main charge there was no error.

**8.—Same—Rehearing—Finding of stolen Property—Cross-examination.**

Where, upon trial of robbery, it appeared from the evidence that the officers of the law found the alleged stolen watch, after the robbery, in defendant's premises, but there was no testimony as to how they received the information which led them to the findings of said watch, but such testimony was introduced by the defense upon cross-examination, there was no reversible error.  Distinguishing: Short v. State, 61 S. W. Rep., 305.

**9.—Same—Accomplice—Charge of Court.**

Where the court was justified in not assuming that a certain witness was an accomplice, and submitted the question as one of fact to the jury, there was no reversible error.

**10.—Sufficiency of the Evidence—Corroboration.**

Where the question of the sufficiency of the State's testimony to corroborate the alleged accomplice was a question of fact, the verdict will not be disturbed.

Appeal from the District Court of Donley.  Tried below before the Hon. Henry S. Bishop, judge.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Veale & Lumpkin* and *L. C. Barrett,* for appellant.—Cited: Jernigan v. State, 10 Texas Crim. App., 546; Dunn v. State, 15 id., 560; Sanders v. State, 31 Texas Crim. Rep., 525; Holmes v. State, 70 Texas Crim. Rep., 214, 156 S. W. Rep.; 1172; Short v. State, 61 S. W. Rep., 305.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited: Wyatt v. State, 38 Texas Crim. Rep., 256;

LATTIMORE, JUDGE.—Appellant received a sentence of ten years in the District Court of Donley County, for the offense of robbery, from which conviction he appeals.

Appellant was indicted in the District Court of Potter County, for said offense, said indictment being returned on March 29, 1919. On April 1, of said year, he was duly arraigned and entered his plea of not guilty, and thereafter, on June 12, 1919, the venue of the case was changed to Donley County, the order of the court therefor reciting that it was done of the court's own motion, all parties agreeing and consenting to the same. Thereafter, when called for trial in Donley County, appellant filed a motion to quash the indictment, on the ground that same was duplicitous, uncertain and charged no offense against the laws of the State of Texas. The motion to quash came after the venue had been changed, and was too late. It is the well settled law of this State, both by statute and decisions, that all special pleas and exceptions must be presented before the change of venue is had. Vernon's C. C. P., Art. 630; Goode v. State, 57 Texas Crim. Rep., 229.

Referring to the procedure after a change of venue, this Court, in the Goode case, *supra*, says: "All that is left to be done thereafter in the court to which the case is removed, is to try the issue joined upon a plea of not guilty, and pronounce judgment thereon according to law."

Appellant presents as his second assignment of error, the matters complained of in his bills of exceptions Nos. 2, 3, 4 and 5. Said bills 2, 3, and 4 show that the State was permitted, over objection, to introduce the testimony of the three persons named in said several bills, to the effect that they went, together with the district attorney, to a house at 308 Harrison Street, in the City of Amarillo, in which house appellant had been living, and that on the side of the house occupied by appellant and a woman named Rippey, up in the loft, said parties found a watch, which was identified by the alleged injured party as the one taken from him on the occasion of the alleged robbery. The objection made by appellant to this was that when said watch was found appellant and the woman had been arrested, and were in jail and not present; that the robbery, if any, had already been committed. Said bill No. 5 shows that after said evidence was admitted, appellant placed the district attorney on the stand, and had him to state that he got his information as to the whereabouts of said watch from one Hollobaugh, who told him that he got such information from appellant. Thereupon, appellant's counsel made a motion to have the testimony of the three witnesses complained of in the above bills of exceptions, withdrawn and excluded, for the same reasons given in his objections above set out, and for the further reason that the information which led the parties to find said watch did not come from appellant, but from another party, This motion was refused. No error

appears in the action of the trial court in any of the matters referred to. That the watch found in the loft was the one taken from Miller, the owner, was not controverted. That it was found by the officers in the house occupied by appellant, was material, and evidence of that fact was admissible, the weight of such testimony being for the jury. It could make no difference as to the admissibility of such evidence, from what source the officers learned the whereabouts of said watch, and if there was any fact relevant to the question as to how the watch came to be in such place, which had defensive weight, it was appellant's right to have the same before the jury, to thus enable them to decide what weight to give to the finding of said watch at said place. No objections seem to have been made by the State to appellant proving by the district attorney that information as to where to look for said watch came to said attorney from another than appellant, and it nowhere appears that appellant was denied the right to follow up such proof by any other at his command, to show why said watch came to its hiding place, and if possible, that it was not put there by appellant.

Appellant presented various exceptions to the court's charge, one being to the submission to the jury of the question as to whether or not the witness Hollobaugh was an accomplice. The submission of such question to the jury, under the facts of this case, was entirely proper. The State's theory of the case was that Miller, the alleged injured party, was robbed by appellant and one Blackburn. Miller testified that at the time of the alleged "holdup," one of the parties had and displayed a nickel-plated pistol. At the house at 308 Harrison Street, referred to, was also found a nickel-plated pistol. At the house at 308 Harrison Street, referred to, was also found a nickel-plated pistol. The witness Hollobaugh testified for the State that he owned a nickel-plated pistol, and had left it in a room at 308 Harrison Street, occupied by said Blackburn, who was present and knew that the pistol was left there; that later, upon coming to get his said pistol, be found it gone. Further, this witness testified that after hearing of said robbery he was at the house at 308 Harrison Street at a time when appellant and Blackburn were both there, and that appellant told him that he and Blackburn had robbed Miller and that they took a watch off him; that Miller was so scared that he would not suspicion them; that about the same time, Blackburn pulled out of his pocket the nickel-plated pistol of appellant, which appellant identified as his. Appellant's theory, developed from the cross-examination of Hollobaugh, and other evidence, was that if any robbery was committed, Hollobaugh and Blackburn were the guilty parties.

It is the common practice, under our law, to instruct the jury that a given witness is an accomplice, if such fact plainly appear to the trial court, but it is entirely permissible and proper for him to submit the question as to whether in fact such witness

be an accomplice, when the issue thereon is contested. White v. State, 30 Texas Crim. App., 652; Williams v. State, 33 Texas Crim. Rep., 135; Tucker v. State, 58 Texas Crim. Rep., 271; Savage v. State, 75 Texas Crim. Rep., 213, 170 S. W., Rep., 730.

On the question as to whether said witness Hollobaugh was an accomplice, we further observe that said Blackburn, the party supposed to have committed said robbery jointly with appellant, also testified as a witness for the State to all of the facts and details of the robbery of said Miller by himself and appellant, using said pistol, and nowhere connected the said Hollobaugh with said crime.

Nor was this a case of circumstantial evidence, and the court did not err in refusing to submit the law of same. A confession of an accused, though testified to by one who is admitted to be an accomplice, would take the case out of the domain of circumstantial evidence. Thompson v. State, 32 Texas Crim. Rep., 222; McKinney v. State, 48 Texas Crim. Rep., 405; Johnson v. State, 72 Texas Crim. Rep., 387, 162 S. W. Rep., 512.

Blackburn having testified at length to the joint robbery by himself and appellant, of said Miller, there was no error in the charge of the court on the question of principals.

Appellant furthur contends that the trial court erred in failing to instruct the jury not to consider for any purpose, excepting as affecting his credibility, if it did affect the same, evidence that appellant had been charged or convicted of other offenses. Exception was originally taken to the court's failure to give such charge, but upon presentation of said exceptions, the court promptly added such instruction to his charge, and gave the same to the jury. This is one of the beneficial results aimed at by the law, requiring exceptions to the charge to be made before the same is read.

The matters contained in the special charges asked and refused, have all been covered by what has been said in this opinion.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

March 3, 1920.

LATTIMORE, Judge.—Appellant presents his motion for a rehearing with much force. Among other propositions, he asserts that the acts and declarations of a co-conspirator, made after the conspiracy is ended, are inadmissible against an accused; also, that an accomplice cannot be corroborated by proof of his own acts and statements, in the absence of the accused; also, that an accomplice cannot corroborate himself. With all of these proposi-

tions, we are in hearty accord, but fail to see their application in this case. The witness Blackburn was an accomplice, a confessed co-principal with appellant, in the alleged robbery, and while on the witness stand, testified fully to the details of said occurrence, stating, among other things, that he and appellant took from Mr. Miller, the party claimed to have been robbed, his watch, which was concealed in the ceiling of the house occupied by appellant. There remained but one thing needful, in order to make out a case for the State, and that was to corroborate the testimony of said accomplice. This burden the State sought to meet by the testimony of the officers, that they found the watch of Mr. Miller in the ceiling of said house, so occupied by the appellant. Was the fact of finding said watch at said place, legitimate testimony? We think so. Appellant's objection to said testimony as to the finding of said watch, seems to be wholly based on the proposition that appellant was not present at the time the search was made, and further, that the information which caused the officers to look for said watch at said place, came from one Hollobaugh, who in turn got the same from said Blackburn.

The State merely offered proof of the finding of the watch at a given time and place, to which appellant objected, and in order to give support to his objection, himself introduced the evidence that the officers learned of the whereabouts of said watch from Hollobaugh. If this latter evidence was objectionable, the State cannot be charged with its introduction. The case of Short v. State, 61 S. W. Rep., 305, is cited and discussed at length, as a case in point, and holding adversely to our views, as expressed in the original opinion. We are unable to find any similarity. In said case, the accomplice not only testified for the State to the details of the alleged crime, but in addition, the State placed in evidence, by a witness named Collins, a confession made by the accomplice to Collins, in the absence of appellant. This court held such evidence inadmissible and this was the only point in the Short case. This sheds no light on the instant case. Not only did the State not put in evidence any statement of Hollobaugh, by means of which the officers found said watch, but his name was not mentioned by them; nor did the State offer any proof from said officers as to why or how they came to go to appellant's house and make the search which resulted in the finding of said watch.

The question as to the admissibility of the testimony of the confession of an accomplice is not in this case. The State introduced no such evidence. Certainly the appellant could not himself introduce the same, and then seek a reversal because thereof.

Hollobaugh was a witness for the State. He denied any complicity in the robbery, and no witness said that he had anything to do with it, but it appeared that he was a friend of the accomplice Blackburn, and that Blackburn used his pistol in accomplish-

ing the crime. We think the court was justified in not assuming that Hollobaugh was an accomplice, and in submitting the question as to whether such was his character, to the jury.

The question of the sufficiency of the State's testimony to cor-roborate the accomplice Blackburn, being primarily for the jury, and they having decided the same against him, we would not feel warranted under the facts in disturbing their verdict.

Finding no reversible error complained of in the motion, the same is overruled.

*Overruled.*