**Odis Odell PENNINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35110.**

Court of Criminal Appeals of Texas.

Dec. 12, 1962.

Rehearing Denied Jan. 23, 1963.

William Lawrence Scarborough, Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for robbery by assault; the punishment, confinement in the penitentiary for thirty years.

The case has been three times before this court on appeal from Nueces County, the judgment in each appeal having been reversed by opinions reported in Tex.Cr. App., 332 S.W.2d 569; Tex.Cr.App., 345 S.W.2d 527, and Tex.Cr.App., 353 S.W.2d 451.

The present appeal is from San Patricio County, trial being in the 36th Judicial District Court of that county upon a change of venue.

The state's testimony shows that on the day in question the prosecuting witness, Robert Doyle Cline, after cashing his pay check at a bank in San Juan, drove to Edinburg in his 1949 Dodge automobile. Later, he left Edinburg and as he drove out about as far as the city limits he picked up the appellant, Odis Odell Pennington, and two companions, George Huffman and Lester Atkins. The prosecuting witness then proceeded to drive north on Highway 281, making three stops for beer. After the last stop, as he was driving on the highway near Clarkwood in Nueces County and had turned off on a paved road, appellant and his companion, Huffman, who were seated in the rear of the automobile, grabbed the prosecuting witness by the hair, pulled his head back, and then hit him in the face with two beer bottles. They then shoved the prosecuting witness out from under the steering wheel and Atkins started driving the automobile. Appellant then proceeded to get in the front seat and strike the injured party. While Atkins was driving, the prosecuting witness was kicked in the kidney, and after Atkins stopped the automobile the injured party fell out of the vehicle and was left lying on the ground beside his billfold, which contained no money. Appellant was seen by the injured party in his automobile as it was being driven away. The prosecuting witness testified that in the assault a hundred dollar bill was taken from his pocketbook, a Case pocket knife from his pants pocket, and a Scripto pencil from his shirt pocket, and that such property was taken by force and without his consent.

The state's proof further shows that appellant and his two companions, Huffman and Atkins, were arrested several days later in Corpus Christi by Officer Fontaine, upon information received by the officer that the robbery had been committed and a warrant had been issued for their arrest. At the time of the arrest, appellant had in his possession the Case pocket knife which the injured party testified had been taken from his person, and appellant's companion, Huffman, had in his possession the Scripto pencil which had been taken from the injured party in the robbery. In the investigation,

the injured party's automobile was found abandoned on a road five miles west of Clarkwood, minus the four tires and wheels. Some two days after the robbery appellant sold the tires from the automobile at a service station. It was shown by testimony of a fingerprint expert that a fingerprint found on a Wm. Penn cigar box in the automobile was that of appellant.

Appellant did not testify.

■ Appellant predicates his appeal upon ten formal bills of exception. Bill No. One presents appellant's complaint to the court's action in overruling his motion to quash the indictment, which motion was filed and presented in the District Court of San Patricio County after venue had been changed to that court. The motion to quash, made after the venue had been changed, came too late. Art. 564, Vernon's Ann. C.C.P.; Fitzgerald v. State, 87 Tex.Cr.R. 34, 219 S.W. 199. We have, however, examined the indictment and find the averments sufficient to charge an offense.

■ Bill No. Two presents appellant's complaint to the court's refusal to permit his co-principal, George Huffman, to testify upon being called as a witness by him. The bill certifies that the co-principal had been tried, convicted, and was then serving a twenty-five year term for the same offense for which appellant was on trial. The co-principal, having been tried and convicted for the same offense, was incompetent to testify as a witness in appellant's behalf. Art. 711, V.A.C.C.P.; Sommers v. State, 165 Tex.Cr.R. 575, 310 S.W.2d 106. No error is presented by the bill.

■ By Bill No. Three, appellant complains of the court's action in refusing his motion to examine the members of the jury panel on their voir dire, separately and individually, as in capital cases. No error may be predicated upon the court's action in the absence of some injury being shown. Barefield v. State, Tex.Cr.App., 331 S.W.2d 754. None is shown by the bill.

By Bills of Exception Nos. Four, Five, Six, and Seven, appellant complains of the court's refusal to give certain requested instructions to the jury.

■ The first request was for an instructed verdict of not guilty, because of the insufficiency of the evidence. Under the record, there was clearly no error in refusing this request.

■■ The next request would have instructed the jury that as a matter of law any reference to theft of the automobile or tires should not be considered by them for any purpose. While it was not alleged in the indictment that appellant took the automobile and tires from the injured party, the evidence of such theft by appellant was properly admitted as a part of the res gestae of the robbery. The evidence being admissible, the court properly refused to instruct the jury not to consider the same for any purpose. Qualls v. State, 73 Tex. Cr.R. 212, 165 S.W. 202.

■■ The remaining two requested instructions related to the legality of appellant's arrest without a warrant. One was an instruction to the jury to acquit appellant unless they believed that at the time he was arrested by Officer Fontaine he was committing a breach of the peace in the presence of the officer. The bill of exception and record show that prior to arresting appellant, Officer Fontaine had received reliable information that the robbery had been committed, that appellant and his companions were wanted for the robbery and a warrant had been issued for their arrest, that he did not have time to secure the warrant which had been issued, and that he believed they were about to escape. With such information and belief, Officer Fontaine was authorized by the provisions of Art. 215, V.A.C.C.P., to arrest appellant and his companions without a warrant. Stickney v. State, Tex.Cr.App., 336 S.W.2d 133. In refusing the requested instruction, no error is shown.

The other request would have charged the jury that as a matter of law any information received by the officer over the radio was in the nature of hearsay and inadmissible. While Officer Fontaine testified that he did have a conversation over the radio, he was not permitted to testify before the jury as to the contents of the conversation. No hearsay testimony was admitted before the jury; hence the court did not err in refusing to give the instruction requested.

Bill of Exception No. Eight presents appellant's objection to a supplementary charge given by the court to the jury after they had retired to consider their verdict. It is shown by the bill that after the jury had retired they sent word to the court that they wanted to ask a question. They were then brought into open court and, in the presence of appellant and his counsel, submitted to the court a question in writing which inquired, in substance, as to how long one would have to serve on a sentence to be eligible for parole. In response to such inquiry, the trial judge, over appellant's objection, instructed the jury in open court by the following written charge:

" 'Ladies and Gentlemen of the Jury:

" 'In response to your question you are instructed that you must assume that the defendant will serve whatever term of confinement, if any, assessed by the jury and you will not consider the matter of parole in arriving at your verdict.'

[Signed]  " 'JOHN H. MILLER
JUDGE.' "

We find no error in the bill, as the careful trial judge, in communicating with the jury, followed the procedure prescribed by Arts. 676, 677, and 679, V.A.C.

C.P., and gave a correct instruction to the jury.

We find no reversible error in Bill No. Nine, which complains of a certain question propounded to the injured party on direct examination and his answer thereto, which brought out before the jury that he had been told that because of his cancerous condition he had only from eighteen months to two and a half years to live. The bill of exception certifies that appellant's objection to the question and answer was by the court sustained, and the jury were instructed not to consider the matter of the injured party's present and future health for any purpose whatsoever. Appellant made no request for a mistrial.

Appellant's remaining contention presented by Bill of Exception No. Ten is that there is a fatal variance between the verdict and the judgment and sentence as to the description of the offense for which he was convicted. We find no merit in such contention. The verdict of the jury found appellant guilty "as charged in the first count of the indictment," which count charged appellant with commission of the primary offense of robbery by assault. The judgment rendered by the court adjudged appellant guilty of the offense of "robbery by assault as found by the jury," and the sentence pronounced by the court recited that appellant had been adjudged guilty of "the offense of robbery by assault." The verdict finding appellant guilty as charged in the first count of the indictment was sufficient when read in connection with the indictment and court's charge, although it did not specifically name the offense. Caballero v. State, Tex. Cr.App., 346 S.W.2d 343.

The judgment is affirmed.

Opinion approved by the Court.