**Robert Joseph PAYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49018.**

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Rehearing Denied Jan. 8, 1975.

Wesley H. Hocker, Court appointed, Elaine Brady Hocker, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction was for murder with malice; the punishment was assessed by the jury at life imprisonment.

Although the sufficiency of the evidence is not challenged, the record reflects that on March 22, 1972, the South Park National Bank in Houston was robbed by several persons, including appellant. During flight from the robbery, appellant shot James Garbs, an employee of the bank, and a Houston police officer. As a result of the gunshot wound, Garbs died. It is from his death that appellant was tried and convicted of murder with malice.

■ In his first ground of error, appellant complains of the response of the court to a question submitted by the jury during deliberation on punishment. The jury inquired whether a person under a life sentence was eligible for parole. Appellant presented the following answer to the jury for the court's consideration:

"Ladies and gentlemen of the jury: In response to your question, you are instructed that you must assume that the defendant will serve whatever term of confinement, if any, assessed by the jury and you will not consider the matter of parole in arriving at your verdict."

The court declined to give this requested response and instead responded, "You are referred to the court's charge." The original charge submitted to the jury contained the following:

"You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor, and are no concern of yours."

Appellant relies on the fact that the requested response submitted to the court was the identical one given in Pennington v. State, 364 S.W.2d 376 (Tex.Cr.App. 1962). This Court approved of the charge in that case but in no way implied that it

was to be the exclusive charge. The holding in Pennington v. State, supra, is merely that the instruction given was not error. We are not inclined to hold that the charge in the above-mentioned case is the only way the court could respond to an inquiry from the jury. The court referred the jury back to the original charge which clearly and unequivocally admonished them not to consider the matter of paroles. We note that the appellant did not challenge the original instruction which contained the answer to the jury's question. Appellant's reliance on Pennington v. State, supra, is misplaced. Failure of the trial court to follow verbatim the instruction approved in Pennington v. State, supra, is not, in and of itself, error. We hold the response given by the trial court, referring the jury to the original charge, is sufficient.

■ In appellant's second ground of error, complaint is made to the failure of the State to disclose exculpatory evidence to appellant before trial. Shortly after the bank robbery and murder of Garbs, Shirley Goodjoint gave a statement to the police which tended to exculpate the appellant. The record reflects that such statement was shown to appellant's counsel before trial; however, counsel for appellant was not permitted to reproduce it. Appellant requested the trial judge to inspect the State's complete file, in camera, for any other exculpatory evidence, which was done. During the course of the trial, Mrs. Goodjoint appeared as a witness for the appellant and recounted her version of the shooting.[1]

Appellant's basic contention is that there must be pretrial disclosure of all evidence held by the prosecution which exculpates the accused. Further, he contends that such disclosure should be at least ten days prior to trial and analogizes to Art. 26.04, Vernon's Ann.C.C.P., which entitles ap-

---

1. The thrust of her testimony was that she had seen the appellant drop what looked like a pistol and flee the scene, while a second man raised a pistol in the direction of the decedent. At this time, she hid in the back seat of her car and heard three shots fired. She, also, was permitted to make an in-court identification of the second man who "throwed up his pistol."

pointed counsel to ten days to prepare for trial. Reliance is primarily made on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) which is limited to suppression of exculpatory evidence by the prosecution to an accused upon request as being a violation of due process. Several federal jurisdictions favor pre-trial disclosure of evidence subject to the Brady doctrine. United States v. Bonanno, 430 F.2d 1060 (2d Cir. 1970) cert. denied, 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384; United States v. Trainor, 423 F.2d 263 (1st Cir. 1970); United States v. Partin, 320 F. Supp. 275 (E.D.La.1970). Despite the announced policy in these federal jurisdictions, the legislative policy of Texas is to the contrary. Art. 39.14, V.A.C.C.P., specifically excepts written statements of witnesses from pre-trial discovery. We do not feel compelled to expand upon the rule followed in this State since the procedure of disclosing such evidence at trial affords the appellant an opportunity to request a postponement or continuance which adequately satisfies due process requirements of Brady v. Maryland, supra.

In the case at bar, we fail to see how appellant was prejudiced. The prosecution disclosed the exculpatory statement to appellant's counsel prior to trial; the trial judge made an in camera inspection of the State's file for any other exculpatory evidence and found none; the complete testimony of Shirley Goodjoint was introduced at trial; the in-court identification of the other man who supposedly fired the shots that killed the deceased was permitted without objection from the State; appellant made no request for a postponement or continuance to further develop favorable evidence. Juarez v. State, 439 S.W.2d 346 (Tex.Cr.App.1969). Further, we note that there has been no showing that earlier disclosure of Shirley Goodjoint's testimony would have produced any other favorable evidence. Accordingly, appellant's second ground of error is overruled. See Dominguez v. State, 506 S.W.2d 880 (Tex.Cr. App.1974); Hill v. State, 504 S.W.2d 484 (Tex.Cr.App.1974).

 In appellant's last ground of error, he complains of the trial court's failure to instruct the jury on the law of murder without malice. The charge on murder without malice is mandatory only in cases where there is evidence that the defendant acted under the immediate influence of sudden passion arising from an adequate cause. Lamberson v. State, 509 S.W.2d 328 (Tex.Cr.App.1974); Simmons v. State, 504 S.W.2d 465 (Tex.Cr.App.1974); Machado v. State, 494 S.W.2d 859 (Tex.Cr.App.1973); Corbett v. State, 493 S.W.2d 940 (Tex.Cr. App.1973). In the instant case, there is not any evidence of a lack of intent to kill. Witnesses observed the appellant shoot the deceased while committing a bank robbery. Appellant shot the deceased with a pistol, a deadly weapon per se. The deceased died as a result of the gunshot wounds. We cannot conclude from this evidence that there was any "sudden passion arising from an adequate cause." We find this ground of error without merit.

The judgment is affirmed.