**Federico G. LOSOYA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00132–CR.**

Court of Appeals of Texas, San Antonio.

July 7, 1982.

Randolph M. Janssen, San Antonio, for appellant.

Bill White, Dist. Atty., Peter A. Sakai, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C. J., and KLINGEMAN and BASKIN, JJ.

## OPINION

BASKIN, Justice.

Appeal is taken from a conviction for capital murder. Based on a negative jury finding on special issue (b)(2) of Tex.Code Crim.Pro.Ann. Art. 37.071 (Vernon 1981), the trial court assessed punishment at life imprisonment in the Texas Department of Corrections.

The record reflects that on November 16, 1978, San Antonio police officer Bernabe Salazar was shot while attempting to execute a search warrant. The shots were fired through the front door of the apartment where Salazar was executing the warrant. Salazar died as a result.

In his first and second grounds of error, appellant maintains that at one point in the trial, the prosecutor's examination of witness Lucas constituted prosecutorial misconduct and improperly introduced a prior alleged offense before the jury. It is appellant's position that the trial court erred in failing to grant a mistrial based upon this alleged misconduct.

The following line of questioning provides the basis of appellant's first two grounds of error:

Mr. Hernandez [Defense Attorney]: In your time, since August of 1978 to the day in question, the 16th of November, 1978, do you recall having any difficulty with Federico Losoya?

A: No sir.

Q: Did you ever have any complaints from anybody about Frederico Losoya?

A: No.

\* \* \* \* \* \*

Mr. Blagg [Prosecutor]: Mr. Hernandez asked you a question, Mrs. Lucas, I want you to think back on it for a second. He asked you if you'd ever heard any complaints about Federico Losoya, Jr., this man on trial.

A: Yes, sir.

Q: He asked you that question and I think you replied in the negative, is that correct?

A: Yes, sir.

Q: Let me ask you to think back for a minute and think back to when I came out to talk to you not too long ago. Do you remember we talked about the very same thing?

Mr. Hernandez [Defense Counsel]: He's trying to impeach his own witness.

Mr. Blagg: I'm not, Judge. I'm just trying to refresh her memory.

Court: You may answer the question. Don't go into the conversation.

Q: Do you recall me coming out and talking to you, about a week or so ago?

A: Yes, sir.

Q: Do you recall having a conversation with me about that very subject?

A: Yes, sir.

Q: Okay, think back. Does that refresh your memory.

A: Yes, sir.

Q: Now, you answered Mr. Hernandez' question in the negative. There have been no complaints about him, is that correct?

A: That's right.

Q: Now, think back on it, is that true or not?

A: It's the word "complaint".

Q: Well, liberally applied, had you had any complaints about Federico Losoya, Jr., if you would liberally apply the word complaint?

Mr. Hernandez: Judge, here again, he's trying to qualify her response and he's trying to impeach his own witness.

The Court: Sustained.

Q: Let me just put it this way. Has anyone complained to you about anything Federico Losoya was doing in the San Juan Homes?

A: Yes.

Q: What was the complaint you received?

Mr. Hernandez: That's hearsay.

The Court: I'll sustain the objection, counsel.

Q: Then you can't say that really, based on that, that you hadn't heard any complaints about him, is that correct?

A: That's right.

Q: You had had some complaints about him, had you not? People discussed him with you, is that correct?

A: Oh, yes.

Q: And what he was doing at San Juan Homes?

A: Yes.

Q: You were aware of that, is that correct?

Mr. Hernandez: Judge, I think we've gone way, way far enough.

The Court: I'll sustain the objection.

Q: Had you received complaints about Federico Losoya—

Mr. Hernandez: I thought the Court had ruled on this matter already. I object to the entire line of questioning.

The Court: I haven't heard the question, Counsel, but don't answer if there is an objection made.

Q: Had you received complaints about Federico Losoya, the Defendant in this case, selling heroin in San Juan Homes?

Mr. Hernandez: I'm going to seriously object to that.

The Court: I'll sustain the objection.

Mr. Blagg: I have no further questions.

Mr. Hernandez: I move for a mistrial.

The Court: That will be overruled.

Mr. Hernandez: Note our objection.

The Court: The jury is instructed to disregard that last question of the Prosecutor and not to consider it for any purpose whatsoever in your deliberations.

Mr. Hernandez: I don't think this cures the wrong that's been done by the State on this matter and again I move for a mistrial.

The Court: Overruled and denied.

■ The record reflects that although the question regarding the witness' knowledge of complaints from residents that appellant was selling heroin was asked, no answer was given by the witness and thus no evidence was ever placed before the jury. The State was pursuing this line of questioning in response to matters initially brought out by defense counsel on cross-examination. The prosecutor was attempting to refresh the witness' recollection as to the receipt of complaints about appellant, and appellant having opened the door, the State was entitled to walk in. The error, if any, was invited by the defense and appellant cannot now complain of such error. *Ex parte Guerrero*, 521 S.W.2d 613 (Tex.Cr. App.1975).

■ In addition, the inquiry constituted an unsuccessful attempt to elicit inadmissible testimony, i.e. hearsay.[1] Such an incident requires a mistrial only in the most exceptional cases. *Johnson v. State*, 583 S.W.2d 399 (Tex.Cr.App.1979). Also, the posing of a question which subsequently is not answered does not normally mandate reversal. *Rodriguez v. State*, 577 S.W.2d 491 (Tex.Cr.App.1979); *Wood v. State*, 511 S.W.2d 37 (Tex.Cr.App.1974). The question propounded must be obviously harmful before a conviction will be reversed. *Wood v. State, supra*, at 46; *Sensabaugh v. State*, 426 S.W.2d 224 (Tex.Cr.App.1968). The inquiry did not inject any evidence before the jury, and the trial judge having sustained appellant's objection and on its own motion instructed the jury to disregard, we find no reversible error. We therefore find that the trial court did not err in overruling appellant's motion for a mistrial. Accordingly grounds of error one and two are overruled.

---

1. We do not find that the question necessarily called for hearsay response. The testimony was not sought to prove the truth of the matter asserted, i.e., that appellant did indeed sell heroin on the occasion in issue. Rather, the response was sought to establish that the witness had heard complaints about the appellant at some time. Thus, under the classic definition of hearsay as a statement made by an out-of-court declarant which is offered in court "for the purpose of proving the truth of such previous statement," an affirmative answer to the question would not have been based on hearsay. *See* 1A R. Ray, Texas Practice—Texas Law of Evidence, § 781 (3d ed. 1980).

Appellant's third ground of error alleges that the trial court erred in failing to grant appellant's motion to discover the identity of an informant. The victim, a police officer, had received information from the informant regarding possession of narcotics by appellant. Police officers, including the victim, subsequently went to the house where the shooting occurred.

■ The identity of an informant need not be disclosed unless:

1. The informant participated in the offense;

2. Was present the time of the offense or arrest;

3. Was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged.

*Rodriguez v. State*, 614 S.W.2d 448 (Tex.Cr. App.1981); *Etchieson v. State*, 574 S.W.2d 753 (Tex.Cr.App.1978), *cert. denied*, 440 U.S. 936, 99 S.Ct. 1282, 59 L.Ed.2d 495 (1979); *Carmouche v. State*, 540 S.W.2d 701 (Tex.Cr.App.1976). The informant was not present at the time appellant was arrested nor at the time of the offense. Neither was the informant a participant in the offense, and appellant does not contend otherwise. The informant was not shown to be a material witness as to the actual offense or as to whether appellant knowingly committed the offense. The third ground of error is overruled.

By his fourth ground of error, appellant contends that his conviction was "tainted" by bad faith prosecutorial techniques, and he thereby was denied a fair and impartial trial. Appellant claims that the prosecutor on several occasions asked questions to which he received negative answers. Appellant complains that the prosecutor made no effort to present evidence to substantiate the facts suggested by his questions and that this constituted bad faith prosecutorial practices.

Appellant objected, however, to only two of the instances of alleged misconduct which he now assigns as error. He thus failed to preserve error as to all save two,

and we need consider only those two. *See Stevenson v. State*, 456 S.W.2d 60 (Tex.Cr. App.1970).

The two questions to which appellant objected were asked during cross-examination of the appellant himself. It had been established that when he was arrested, he had 27 or 28 grams of heroin in his pocket. On one occasion, the prosecutor asked:

Q: Isn't it true that you used to make pretty regular dope runs between here and Laredo to get your heroin?

MR. HERNANDEZ: I object. There is no evidence about that.

THE COURT: Your objection will be overruled. This is cross-examination.

THE WITNESS CONTINUING:

A: No, sir.

The other line of questioning to which appellant objected was:

Q: Did any of your friends in the heroin business tell you you can dispose of heroin by flushing it down the commode?

A: They don't tell me nothing.

Q: They didn't tell you how to get rid of the stuff you had in your pocket that day?

A: No, sir.

MR. HERNANDEZ: It's not been established he had anything in his pocket.

THE COURT: Overruled. This is cross-examination.

MR. HERNANDEZ: Irrespective of that, Judge, it's not been established he had anything in his pocket.

THE COURT: Your objection will be overruled.

MR. HERNANDEZ: Note our exception.

■ Appellant fails to show a willful and calculated effort on the part of the State to deny appellant a fair and impartial trial. *Johnson v. State*, 604 S.W.2d 128 (Tex.Cr. App.1980). Ground of error four is overruled.

Finally, appellant argues that he was denied due process by suppression of ballistic evidence by the State. Appellant does not claim that the prosecutor withheld information. The State called as a witness Detec-

tive Investigator Stengel who was a firearms and tool mark examiner for the San Antonio Police Department. Stengel testified as to his conclusions that the bullet removed from the victim's head was fired from a pistol recovered at the scene. He also gave his opinion about the trajectory of the fatal bullet through the front door, saying that in his opinion it was deflected off the interior wall of the apartment before it went through the front door. Stengel testified that he had found three small flecks of green paint on the bullet. He had been told that there was a dent in the wall which had at one time been painted green. He also testified that the bullet could not be "miked." He explained that this meant that the bullet was out of round and that its diameter could not be measured by a micrometer. All of these led to his opinion regarding the trajectory of the bullet.

The detective had not made a notation of the presence of the flecks of paint on the bullet in his written report. There is no indication that the detective intended to suppress the fact of the green paint, and there is no indication that the prosecutor was aware of the existence of paint flecks. The State, acting through the prosecutor, complied with appellant's request for discovery and had tendered the ballistics report to appellant's counsel.

Appellant complains that his counsel was taken by surprise and that he was unable to "secure his own experts to confirm or deny" the officer's conclusions. We note that even though the ballistics report indicated that the bullet could not be "miked," appellant had not moved to allow an expert of his choosing to inspect the bullet. Even after his "surprise" at learning that the bullet was probably deflected, appellant's counsel did not move for a continuance to enable an expert to inspect the bullet.

Appellant has failed to show that any evidence was suppressed. The rule in Texas is that *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) in addition to applying to suppression of evidence by the prosecutor, applies "to situations where evidence favorable to the ac-

cused is not turned over to the accused prior to or *during trial*, thus depriving him of the opportunity to use it in his defense." (Emphasis added.) *Juarez v. State*, 439 S.W.2d 346 (Tex.Cr.App.1969). Our courts also hold that disclosing evidence at trial affords the accused the opportunity to request a postponement or a continuance and this adequately satisfies the due process requirements of *Brady*. *Payne v. State*, 516 S.W.2d 675 (Tex.Cr.App.1974).

Additionally, we hold that appellant has failed to show that the information, if earlier received, would have advanced his defense or materially affected the determination of his guilt. Therefore, for this additional reason, appellant fails to show that even if the information had been suppressed, it was so prejudicial as to warrant reversal. *Means v. State*, 429 S.W.2d 490 (Tex.Cr.App.1968). Ground of error five is overruled.

There being no reversible error, the judgment is affirmed.