**Judy Lynn CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1249–93.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 30, 1994.

————

Jan Woodward Fox, Cathleen C. Herasimchuk, Houston, for appellant.

David P. Weeks, Dist. Atty., Kay Douglas, Asst. Dist. Atty., Huntsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted of capital murder and sentenced to life imprisonment. Tex.Penal Code Ann. § 19.03(a)(3). The Court of Appeals affirmed. *Crawford v. State*, 863 S.W.2d 152 (Tex.App.—Houston [1st Dist.] 1993). We granted appellant's petition for discretionary review to determine whether, under our opinion in *Thomas v. State*, 837 S.W.2d 106 (Tex.Crim.App.1992), a defendant must seek extraordinary relief from the Texas Supreme Court before she may obtain a witness' prior written statement in the form of a Crime Stoppers report.[1]

Appellant was convicted of employing two men, Louie John Brown and Thomas R. Oliver, to murder her husband for a sum of money. Brown testified that he had promised to pay Oliver $500 for committing the offense, and that he had stated the same to Crime Stopper's investigator, Rick Wiatt, several days after the offense. Wiatt's testimony on direct examination was consistent in this regard. On cross-examination of Wiatt, appellant pointed out that Wiatt's offense report did not mention the promised payment to Oliver, although Wiatt testified that he had been informed of that detail by both Brown and Brown's ex-wife to whom Brown had confessed. Wiatt conceded the omission from the offense report but stated that he had recorded that detail in the Crime Stopper's report. Thereupon appellant requested a copy of the Crime Stoppers report pursuant to Rule of Criminal Evidence 614. Determining that under certain Government Code provisions a Crime Stoppers report may only be obtained upon an order of the Texas Supreme Court which could take several days, the trial court denied appellant's

1. Specifically, we granted the following ground for review:

Does this Court's recent decision in *Thomas v. State*, 837 S.W.2d 106 (Tex.Crim.App.1992), require a defendant who is informed mid-trial of the existence of a witness' prior written statement in the form of a Crime Stopper's report, to seek extraordinary relief from the Texas Supreme Court before she is entitled to

request.[2]

The Court of Appeals held that pursuant to our opinion in *Thomas v. State*, 837 S.W.2d 106 (Tex.Crim.App.1992), appellant was entitled to have the trial court review the report *in camera* to determine if it contained *Brady* material.[3] However, the court held that it was appellant's burden to obtain the report and absent a showing that appellant had attempted to obtain the report through extraordinary proceedings of the kind described in *Thomas*, it could not conclude that the trial court abused its discretion in denying appellant's request.

Appellant claims the Court of Appeals erred in placing the burden on her to attempt to obtain the report. Appellant also urges that *Thomas* stands for the proposition that appellant's constitutional right to production of potential *Brady* material cannot be usurped by the Government Code. In short, appellant claims that she is entitled to pro-

duction of the report pursuant to due process of law under *Thomas*.[4]

In *Thomas*, the offense at issue was reported to the Dallas Crime Stoppers by phone. The phone call was tape recorded. Prior to trial the defendant sought by application from the Texas Supreme Court any information from Dallas Crime Stoppers pertaining to the offense at issue. *Thomas*, 837 S.W.2d at 108. The defendant's application was denied. During trial the defendant moved for production of the Crime Stoppers tape recording,[5] but the trial court denied the request on the ground that the Government Code provisions prohibited production. The defendant's request to declare the Government Code provisions unconstitutional was denied. Before this Court the defendant argued that Government Code sections 414.007 and 414.008 violated his due process rights by barring access to potential *Brady* material.[6] The State argued that the Crime Stoppers provisions serve a compelling state in-

---

an in camera review by the trial judge of that report for impeachment purposes?

2. Texas Government Code § 414.007 provided at the time of appellant's trial that "Council records relating to reports of criminal acts are confidential." "Council" is defined as the Crime Stoppers Advisory Council. Tex.Gov't Code § 414.001. Government Code section 414.008 provided in relevant part that:

   (a) Evidence of a communication between a person submitting a report of a criminal act to the council or a local crime stoppers program and the person who accepted the report on behalf of the council or local crime stoppers program is not admissible in a court or an administrative proceeding.

   (b) Records of the council or a local crime stoppers program concerning a report of criminal activity may not be compelled to be produced before a court or other tribunal except on order of the supreme court.

   Since appellant's trial, section 414.008 has been amended to provide for the release of crime stoppers information for purposes of an *in camera* review on the motion of a criminal defendant and subpoena issued by the trial court. Tex. Gov't Code § 414.008(b), (c), (d), (e) (Vernon Supp.1994). We are not presented in this case with the question of the applicability of these amended provisions.

3. As explained in *Thomas*, in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that a defendant's due process rights are violated when the prosecution suppresses, upon request, evidence in its possession that is favorable to the

defendant and the evidence is material to guilt or punishment. *Brady* material includes both exculpatory and impeachment evidence. *Thomas*, 837 S.W.2d at 112.

4. Appellant also contends that production of the report is required under Rule of Criminal Evidence 614. However, other than noting that appellant's request for production was made pursuant to Rule 614, the Court of Appeals did not address any of appellant's contentions regarding Rule 614; its decision was based entirely on our opinion in *Thomas* which was decided only on constitutional grounds. Because the Court of Appeals did not address the applicability of Rule 614 and appellant does not complain of the Court of Appeals' failure in that regard, we are without authority to address appellant's claims pertaining to Rule 614. *See Tallant v. State*, 742 S.W.2d 292, 294 (Tex.Crim.App.1987) (this Court will not consider ground for review that does not implicate a determination by the court of appeals). *Arcila v. State*, 834 S.W.2d 357 (Tex. Crim.App.1992).

5. Like appellant, the defendant in *Thomas* moved for production under Rule of Criminal Evidence 614. Like the Court of Appeals in the instant case, we did not in *Thomas* otherwise address Rule 614.

6. The defendant also argued that the government code sections denied him the right to effective cross-examination and violated his right to a meaningful appellate review. We rejected those contentions.

terest which justify infringement on the defendant's due process rights to a fair trial. We agreed with the State that its compelling interest in law enforcement justifies the confidentiality provisions in the Crime Stoppers statute. *Id.* at 113. However, we further held that those confidentiality provisions had been interpreted too narrowly by the trial court and as applied to the defendant in that case:

> The problem, as we see it, is that the confidentiality provisions of the crime stoppers statute, as interpreted by the trial court and as applied to appellant, reach too far. They operate to totally bar a defendant access to information that may be material, whether in the possession of the State or any other person. Denial of access to information which would have a reasonable probability of affecting the outcome of a defendant's trial abridges a defendant's due process rights and undermines the court's duty to vindicate Sixth Amendment rights. There is no interest that could be asserted by the Legislature that would be compelling enough to justify such a result.
>
> In fact, the language of the crime stoppers statute indicates that the Legislature intended otherwise.... [B]y allowing for production of the crime stoppers records pursuant to a court order, the Legislature clearly recognized that the confidentiality provisions must yield in some cases. We find that under the narrow circumstances of this case production is constitutionally required.

*Id.* We held that the defendant had a constitutional right to production of Crime Stoppers information in possession of the local Crime Stoppers program, the Crime Stoppers Advisory Council or the District Attor-

ney's office. *Id.* at 113–14. We emphasized that an *in camera* review would satisfy due process requirements and meet the concerns of the State in ensuring confidentiality. *Id.* at 114. Only if the trial court determines that the information is material, is it released to the defendant.

The Court of Appeals in the instant case held that "it was appellant's burden to obtain" the report and because "there is no showing that appellant sought to obtain the report through an extraordinary proceeding, such as the defendant attempted in *Thomas* " the trial court did not abuse its discretion in refusing to recess the trial to allow appellant time to obtain the report. *Crawford,* 863 S.W.2d at 165. The Court of Appeals did not cite any authority in support of its placement of the burden on appellant to make a pretrial attempt to obtain the Crime Stoppers report, other than our opinion in *Thomas.* We hold that there is nothing in our opinion in *Thomas* purporting to place such a burden on a defendant as a prerequisite to obtaining *Brady* material under the Fourteenth Amendment. Although the defendant in *Thomas* did make pretrial efforts to obtain the Crime Stoppers information, our holding was not predicated on those efforts. Rather, our holding focused on the fact that the Government Code provisions operated as a bar to potential *Brady* material in violation of the Fourteenth Amendment. Moreover, appellant in this case could not have made a pretrial attempt to obtain production since she did not know of the existence of the report until Wiatt's testimony at trial.[7] The trial court's denial of appellant's proper request for the report's production, as soon as she was made aware of its existence, amounted to an absolute bar to potential *Brady* material in violation of the Fourteenth Amendment.[8] *See Thomas,* supra. As we

---

7. Appellant contends she did not know of the report's existence until Wiatt's cross-examination at trial. There is no evidence in the record to the contrary and when appellant stated at trial that she had not known of the report's existence, the State did not take exception to that statement. Neither has the State filed a brief in this case controverting appellant's claims in this regard.

8. We note, as we noted in *Thomas,* that even if the State is not "in possession" of the reports held by Crime Stoppers organizations "appellant

would be entitled to have a subpoena duces tecum issued to the [appropriate] Crime Stoppers local program...." *Thomas,* 837 S.W.2d at 112 n. 11. This is consistent with our holding that the Government Code provisions were unconstitutional because they operated to totally bar a defendant access to potentially material information "whether in the possession of the State or any other person." *Id.* at 113. The question of whether the State was "in possession" of the report for purposes of either Rule 614 or *Brady* was not addressed by the Court of Appeals.

stated in *Thomas*, "[d]enial of access to information which would have a reasonable probability of affecting the outcome of a defendant's trial abridges a defendant's due process rights...." *Thomas*, 837 S.W.2d at 113. Accordingly, we hold the Court of Appeals erred in concluding on the basis of *Thomas* that appellant was not entitled to a recess to obtain production of potential *Brady* material because appellant had not made pretrial efforts to obtain it pursuant to the Government Code.

In *Thomas* we abated the appeal and remanded to the trial court to issue subpoenas for production of the report. We then directed that the trial court make findings of fact and forward them to this Court. *Thomas* was a capital murder case which was directly appealed to this Court. In this petition for discretionary review case, we believe the Court of Appeals is the appropriate court to further address these issues and decide the proper course of action. Therefore, having held that the Court of Appeals erred in concluding that production of the report was not compelled under *Thomas*, we reverse and remand to that court for proceedings consistent with this opinion.

CAMPBELL, Judge, dissenting.

I dissent. The record reflects that appellant's request for the Crime Stoppers report at trial was grounded solely on Rule 614 of the Texas Rules of Criminal Evidence. Therefore, appellant may not assert a different legal theory (i.e., Fourteenth Amendment due process) on appeal. Tex.R.App.Proc. 52(a); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990). This Court should not reach out and decide a case on a legal theory not raised at trial.

I would affirm the judgment of the court of appeals.

McCORMICK, P.J., and WHITE, J., join.