NUMBER 13-04-600-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







JESUS GALVEZ TOBON
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 92nd District Court


of Hidalgo County, Texas.






MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Jesus Galvez Tobon, was indicted for the offense of murder. See Tex.
Pen. Code Ann. § 19.02(b)(1) (Vernon 2003). A jury found appellant guilty and
assessed his punishment at forty years' imprisonment. By six issues, appellant asserts
a Brady violation, complains of prosecutorial misconduct, and challenges the legal
sufficiency of the evidence. We affirm.

I. Brady Claim

 By issues one, two and four, appellant asserts that the prosecutor committed a
Brady violation by allegedly willfully failing to provide discovery of an out-of-court
identification made by Lee Roy Rivera, an eye witness who later testified as a State's
witness. He contends that the photograph identification, although favorable to the
State on its face, is exculpatory in nature because the presentation of the photograph
to Rivera was impermissibly suggestive per se.

 The Due Process Clause of the Fourteenth Amendment requires the State to
disclose evidence that is favorable to a criminal defendant. Brady v. Maryland, 373
U.S. 83, 84-88 (1963); Thomas v. State, 841 S.W.2d 399, 404 (Tex. Crim. App.
1992) (en banc). When the State fails to disclose this type of evidence, and the
evidence is material either to guilt or to punishment, the State violates the defendant's
due process rights irrespective of whether the State was acting in good faith or in bad
faith. Brady, 373 U.S. at 84-88; Thomas, 841 S.W.2d at 404. The rule requires
disclosure of both exculpatory and impeachment evidence. Wyatt v. State, 23 S.W.3d
18, 27 (Tex. Crim. App. 2000); Thomas, 841 S.W.2d at 404.

 Appellant filed several pretrial motions to compel discovery of evidence. The
specific issue of any identification of appellant that may have been made by Rivera was
first raised at a pre-trial hearing on June 21, 2004. The next day, however, jury
selection did not take place because Rivera was not present, and the trial court granted
the State's motion for continuance. Appellant raised the identification issue at this
time. At a hearing on July 8, 2004, the State moved for another continuance based
on the continued absence of Rivera. In opposing the continuance, defense counsel
challenged the State's need for Rivera's presence, arguing that there was no evidence
that Rivera had ever identified appellant as the person who shot the victim. The
continuance was granted.

 The trial began in September 2004. After Rivera testified on direct examination
that appellant shot David Ruiz, defense counsel questioned him about the lack of a
physical description in his written statement to the police. Rivera testified that he had
not given a physical description. On redirect, the following colloquy occurred:

 Q: [Prosecutor]: Did the police ask you to identify [appellant] through
any photographs when you gave your statement?


 A: [Rivera]: Yeah.


 Q: They asked you to identify him?


 A: Yeah.


 Q: Through a picture?


 A: Yeah.


 Q: Were you able to?


 A: Yeah.


 Q: Okay.


Following this testimony, defense counsel asked for a hearing outside the presence of
the jury. Arguing that the identification issue had been raised twice before and he had
been told twice "that there were no photo line-ups or no out-of-court identifications
that were made by this witness to our client," defense counsel requested a mistrial. 
The prosecutor responded that he had provided everything that the Alton Police
Department had given him, and that he had been assured that everything had been
provided. The trial court denied the mistrial.

 Later, the prosecutor advised the court that he had just spoken to Alton Police
Investigator Jesus Enriquez who said that he had shown Rivera a booking photo. This
booking photo was included in the State's file, but had neither been portrayed as an out
of court identification or as being the source of any identification in any police report.

 Outside the presence of the jury, Investigator Enriquez testified that he had
shown appellant's booking photo to Rivera, and Rivera identified the man in the photo
as the man he saw that night. The photo identification was not mentioned in the
investigator's report. Investigator Enriquez agreed that he had told the prosecutor that
"any pictures were in this report." Investigator Enriquez also testified that when he
talked with Rivera, appellant had already been arrested based on a statement given by
Adriana Lopez. Defense counsel again moved for a mistrial or, alternatively, for
Rivera's testimony to be struck. The trial court denied the motion and ordered the jury
to disregard the testimony about the prior photographic identification. Appellant did not
seek a continuance.

 When the State's failure to disclose Brady material is discovered during trial, the 
accused is entitled to a recess to obtain production of the material, even where the
defense did not make pretrial efforts to obtain it. Crawford v. State, 892 S.W.2d 1,
4 (Tex. Crim. App. 1994) (en banc). The accused must then request a postponement
or seek a continuance; otherwise, the accused waives any complaint of surprise in the
State's failure to disclose the material earlier. Lindley v. State, 635 S.W.2d 541, 543
(Tex. Crim. App. [Panel Op.] 1982); Zule v. State, 802 S.W.2d 28, 33 (Tex.
App.-Corpus Christi 1990, pet. ref'd) (holding Brady claim was waived where defense
counsel moved for mistrial but not for continuance). This procedure adequately
satisfies the due process requirements of Brady. Payne v. State, 516 S.W.2d 675, 677
(Tex. Crim. App. 1974). "[W]hen a party's first action is to move for mistrial, the
scope of appellate review is limited to the question [of] whether the trial court erred in
not taking the most serious action of ending the trial[.]" Young v. State, 137 S.W.3d
65, 69 (Tex. Crim. App. 2004) (en banc).

 Assuming, without deciding, that the booking photograph was exculpatory and
material, appellant did not request a postponement during the trial when he became
aware of the photograph. Although appellant moved for a mistrial, he did not move for
a continuance. He asked for Rivera's testimony to be struck, and the trial court ordered
the jury to disregard the testimony about the prior photographic identification. By not
requesting a continuance, appellant made the tactical decision to proceed with the trial,
aware of the previously undisclosed evidence and aware that the jury had been
instructed to disregard the testimony about which he complained. See Zule, 802
S.W.2d at 33. Because appellant failed to request a postponement or seek a
continuance, he has waived his Brady claim. Lindley, 635 S.W.2d at 544; see also
Zule, 802 S.W.2d at 33. 

 Furthermore, because a continuance was not requested, our review is limited to
the issue of whether the trial court erred by not granting a mistrial. See Young, 137
S.W.3d at 69. Appellant has not raised this issue on appeal. 

 Appellant's first, second, and fourth issues are overruled.

II. Prosecutorial Misconduct

 In his third issue, appellant asserts that the prosecutor "committed misconduct
by eliciting the identification testimony from [Rivera], even after a court's order
disallowing said evidence," and that this amounted to reversible error. In his fifth issue,
appellant asserts that this conduct violated his due process rights.

 Appellant has provided no authority to support his contentions regarding
prosecutorial misconduct. In accordance with rule 38.1(h) of the Texas Rules of
Appellate Procedure, we will only consider contentions that are supported by clear and
concise arguments with appropriate citations to authorities and to the record. Tex. R.
App. P. 38.1(h). By raising the issue of prosecutorial misconduct and failing to cite
authority to support his contentions, if any, appellant has waived error on this issue. 
See Tufele v. State, 130 S.W.3d 267, 271 (Tex. App.-Houston [14th Dist.] 2002, pet.
ref'd). We overrule appellant's third and fifth issues.

III. Legal Sufficiency

 Appellant contends by his sixth issue that the State's evidence is legally
insufficient to support his conviction.

A. Standard of Review

 In evaluating the legal sufficiency of the evidence, the appellate court must view
the evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309 (1979); Escamilla v. State,
143 S.W.3d 814, 817 (Tex. Crim. App. 2004); Hernandez v. State, 52 S.W.3d 268,
277 (Tex. App.-Corpus Christi 2001, no pet.); see Bobo v. State, 843 S.W.2d 572,
575-76 (Tex. Crim. App. 1992) (en banc) (providing that when evaluating the
sufficiency of the evidence, the reviewing court must look at all the evidence, whether
properly or improperly admitted). The due process guarantee requires an appellate court
to reverse and order a judgment of acquittal only if, given all the evidence, a rational
jury would necessarily entertain a reasonable doubt as to the defendant's guilt. 
Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) (en banc).

 The trier of fact has the responsibility of resolving conflicts in the testimony,
weighing the evidence and drawing reasonable inferences from basic facts to ultimate
facts; it is the sole judge of the weight and credibility of the evidence. Jackson, 443
U.S. at 319. When conducting a legal sufficiency review, an appellate court may not
reevaluate the weight and credibility of the evidence or substitute its judgment for that
of the jury. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (en banc). 
The reviewing court may act only to ensure that the jury reached a rational decision. 
Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

B. Analysis A person commits the offense of murder if he intentionally or knowingly causes
the death of an individual. Tex. Pen. Code Ann. § 19.02(b)(1) (Vernon 2003).

 In this case, viewing the evidence, whether properly or improperly admitted, in
the light most favorable to the jury's verdict and deferring to the jury on its weight and
credibility, we conclude a rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt. Rivera, who witnessed the murder of David
Ruiz from five feet away, testified that appellant was the man who had shot Ruiz as
Ruiz walked away from a verbal confrontation. Another eyewitness, Adriana Lopez,
also testified that appellant was the man who shot Ruiz from behind. Appellant's jail
cell mate testified that appellant had bragged about shooting a man at his girlfriend's
house. Dr. Fulgencio Salinas, who conducted the autopsy on Ruiz, testified that he
died from a single gunshot wound to the back of his head. Based on this evidence, a
rational jury could have found appellant guilty of the murder. Thus, we conclude that
the evidence is legally sufficient to support appellant's conviction. We overrule
appellant's sixth issue.

IV. Conclusion

 We affirm the judgment of the trial court.

 

 NELDA RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 10th day of August, 2006.