Affirmed and Memorandum Opinion
filed August 23, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00827-CR



Jose Anthony
Alcorta, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Criminal Court at Law No. 5

Harris County, Texas

Trial Court
Cause No. 1625422



 

MEMORANDUM OPINION 

Appellant Jose Anthony Alcorta challenges his
conviction of driving while intoxicated (“DWI”).  We affirm.

Factual and Procedural Background

On September 4, 2009, on the Friday preceding a
holiday weekend, Officer Murray was on patrol as an officer with the Pasadena
Police Department.  Although he ordinarily worked in the Burglary and Theft
unit, on that night he was working under a state-funded grant program known as “DWI
Safe and Sober.”  Under the grant program, the officer’s primary objective is
enforcement of DWI laws, but he also enforces traffic laws as well.  

Officer Murray observed a vehicle driven by appellant
approaching him and believed the vehicle was speeding.  The officer turned to
follow the vehicle, which had stopped at a traffic signal.  The officer
observed the vehicle travel into the intersection while the traffic signal was
still red.  The officer activated his emergency lights and initiated a traffic
stop.  According to the officer, the vehicle continued straight, crossed the
center line of the roadway several times, changed lanes without signaling, and
made a left hand turn before finally turning right into a parking lot.  By one
estimate in the record, appellant traveled almost two miles before stopping.

Officer Murray approached the vehicle, obtained
identification from appellant, and advised him that he was pulled over for
running a red light.  According to Officer Murray, appellant seemed confused
and appeared as if he had just awoken.  The officer, who stood roughly two feet
away from the vehicle, detected the odor of alcohol emanating from within the
vehicle.  The officer observed that appellant had red, watery eyes and slurred
speech.  The officer noted that appellant staggered some when he exited the
vehicle.  The officer characterized appellant as having a slight sway.  In
response to the officer’s questions, appellant explained that he had consumed
five pitchers of beer with friends at a restaurant.  

Officer Murray conducted three field sobriety tests
with appellant, all of which were captured on video via a dashboard camera in
the officer’s patrol unit.  The officer conducted a horizontal gaze nystagmus
(HGN) field-sobriety test on appellant.  The officer conducted a walk-and-turn
test and determined that appellant displayed four of eight clues of
intoxication.  During this test, appellant expressed some difficulty in
performing the test, indicating, “This is hard right now.”  The officer also conducted
a one-leg-stand test, in which appellant exhibited four of four clues of
intoxication.  The officer believed that appellant had difficulty comprehending
instructions during the one-leg-stand test.  When Officer Murray asked
appellant whether he was intoxicated, appellant indicated he did not believe he
should be speaking with the officer. 

Based on his observations and appellant’s performance
on the tests, Officer Murray believed that appellant was driving while
intoxicated and placed appellant under arrest.  Officer Murray warned that
appellant’s license would be suspended if he refused to provide a breath sample
to test for alcohol; appellant did not submit to the breath-alcohol test.  

Pretrial Proceedings

Appellant was charged with the offense of driving
while intoxicated, to which he pleaded “not guilty.”  At a suppression hearing,
the trial court granted appellant’s motion to suppress evidence of the HGN test
because it was not properly administered.  The trial court denied appellant’s
request to redact the portion of a video in which the HGN test was conducted. 
The trial court instructed the prosecutor to mute the volume on the video
during that test.  Appellant raised concerns that a juror who was a former
military police officer might recognize signs of intoxication during the muted
portion of the HGN test on the video.  The trial court ruled that a redacted
video would be shown to the jury in which the audio portion of the HGN test was
muted.  When appellant expressed concern for the relevance of showing the video
of the test without audio, the State countered that the jury could not see
appellant’s eyes to determine how he performed on the HGN test and that the
jury was entitled to see appellant allegedly swaying during the officer’s
instructions to determine whether that conduct was a sign of intoxication.  The
trial court overruled the objection.

Trial

At trial, Officer Murray testified briefly about his
work pursuant to the grant program.  Primarily, he testified to two of the
field-sobriety tests he conducted on the night of appellant’s arrest:  the
walk-and-turn test and the one-leg-stand test.  When the State sought to enter
the redacted video of the tests into evidence, appellant made reference to his
previous objections.  The video was played for the jury, and the volume was
muted during the portion of the video in which the officer conducted the HGN
test.  Appellant showed the video on cross-examination, and the officer
testified to his belief that appellant appeared to sway during an unspecified
portion of the video.  Appellant did not cross-examine the officer regarding
the grant program.  At the conclusion of Officer Murray’s testimony, the trial
court excused him subject to appellant’s request to recall him.

Appellant testified that he met friends at a restaurant
that evening, where they enjoyed five pitchers of beer as well as food and
water.  Appellant estimated that he consumed one beer at 9:50 p.m., a second
beer at 10:45 p.m., and possibly a third beer at 11:45 p.m.  He did not feel
intoxicated when he left at 12:30 a.m.  He denied committing any traffic
violations that evening.  He denied staggering as he exited his vehicle,
slurring his speech, and swaying in the video.  He claimed to have back and
knee problems which would have affected his ability to balance.

Appellant’s trial counsel called Vance Mitchell, who
was not present.  Appellant’s trial counsel then moved for a writ of
attachment, which the trial court denied.  No other information about Mitchell
or the writ of attachment is reflected in the trial transcript.  The defense
rested.

The jury found appellant guilty as charged.  The
trial court sentenced him to 180 days’ confinement, probated for one year and assessed
a fine.

Motion for New Trial

Appellant filed a motion for new trial, alleging that
by denying the writ of attachment for Mitchell, the trial court effectively
denied appellant the opportunity to put on defensive evidence pertaining to the
grant program under which Officer Murray was working on the night of
appellant’s arrest.  At an evidentiary hearing, appellant’s trial counsel
testified that he learned of the grant program through the officer’s testimony
on direct examination.  The record reflects that trial counsel secured and
executed a subpoena, dated July 13, 2010, the same date of trial, directing
Mitchell, as custodian of police records for the Department, to produce
documents related to the grant.  Trial counsel received the subpoenaed
documents a couple of days after the verdict had been rendered.

The trial court admitted into evidence the subpoena
directing Mitchell to appear at trial.  The subpoena does not reflect what time
it was served on July 13, 2010.  The trial judge also admitted into evidence
documentation relating to the grant program.  Trial counsel testified that had
he received the documents, he would have laid the predicate for admissibility,
recalled Officer Murray and questioned him about the grant program, and
questioned Mitchell about how the police department benefits from the grant.  Trial
counsel explained that he did not cross-examine Officer Murray about the grant
program because he did not have the documents.  

The prosecutor admitted that she did not tell defense
counsel about the grant program when she learned of it on the day before trial.
 According to the prosecutor, when queried by the trial court, Officer Murray
had been excused and was not subject to recall when he finished testifying at
trial.

Both parties and the trial judge acknowledged that a
series of off-the-record bench conversations occurred regarding the documents
for the grant program and whether appellant’s trial counsel could verify that
Mitchell had been served.  The parties disputed whether trial counsel could
verify service on Mitchell by the time the defense rested.  

Following the evidentiary hearing, the trial court
denied appellant’s motion for new trial.  In so ruling, the trial court stated
that the grant program documents would not have affected the outcome of trial because
appellant’s trial counsel did not cross-examine Officer Murray regarding the
grant program and the documents may not have been admissible.

Analysis

Is the evidence sufficient
to support a conviction for driving while intoxicated?

In his first issue, appellant claims that the
evidence is legally insufficient to show that he drove the vehicle while he was
intoxicated.  In evaluating a legal-sufficiency challenge, we view the evidence
in the light most favorable to the verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is not whether we,
as a court, believe the State’s evidence or believe that appellant’s evidence outweighs
the State’s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim.
App. 1984).  The verdict may not be overturned unless it is irrational or
unsupported by proof beyond a reasonable doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).  The trier of fact “is the sole judge
of the credibility of the witnesses and of the strength of the evidence.”  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The trier of fact may
choose to believe or disbelieve any portion of the witnesses’ testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits the offense of driving while
intoxicated if that person operates a motor vehicle in a public place while
intoxicated.  Tex. Penal Code Ann.
§ 49.04(a) (West 2011).  A person is considered intoxicated if that person does
not have the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a
combination of those substances or any other substance into the body or by
having an alcohol concentration above 0.08 or more in his breath, blood, or
urine.  Tex. Penal Code Ann. §
49.01(2)(A)–(B) (West 2011).  Appellant challenges only the jury’s finding that
he was intoxicated when he was stopped by Officer Murray.

The record reflects that Officer Murray initiated a
traffic stop when he observed appellant failing to stop at a red traffic
signal.  Even after Officer Murray activated his emergency equipment, appellant
did not pull over for roughly two miles and had crossed over the center line of
the roadway at least once and had changed lanes without signaling before stopping
in the parking lot.  Officer Murray testified that appellant exhibited signs of
intoxication including red, watery eyes, slurred speech, and a staggered gait. 
Officer Murray detected the odor of alcohol from within the vehicle, and
appellant admitted he had consumed five pitchers of beer while out with friends. 
Appellant exhibited clues of intoxication on the two field-sobriety tests that
were admitted into evidence.  Appellant indicated that he had trouble
performing the field-sobriety tests.  Although the record contains evidence
that appellant suffered from back and knee problems, he did not share this
information with Officer Murray at any time, and the officer testified that
this information would not have changed his opinion that appellant exhibited
signs of intoxication.  

Appellant claims that the circumstantial evidence
supports a finding of “not guilty.”  On this basis, appellant contends, the
video and appellant’s booking photograph upon his arrival at the police station
belie the officer’s testimony.  Appellant points to the fact that Officer
Murray failed to engage the video camera in time to capture what Officer Murray
described as appellant’s staggering gait and slurred speech.  Appellant also claims
that the video rebutted the officer’s testimony because he did not slur his
speech and had no difficulty producing his driver’s license and proof of insurance
on demand.  

The video is not required to convict appellant
because Officer Murray’s testimony, standing alone, can be sufficient to prove
the elements of intoxication.  See Annis v. State, 578 S.W.2d 406, 407
(Tex. Crim. App. 1979); Watkins v. State, 741 S.W.2d 546, 549 (Tex. App.—Dallas
1987, pet. ref’d).  Moreover, the video reflects appellant’s performance in two
field-sobriety tests, which supports the officer’s testimony.  During the
walk-and-turn test, Officer Murray indicated by a subtle motion of his hand
each time appellant exhibited clues of intoxication in performing those tests. 
The officer testified to this information.  And the video reflects appellant’s
poor performance during the one-leg-stand test.  Likewise, although appellant
claims the booking photograph does not reflect red, glassy eyes, the booking
photograph is not required to convict appellant of the charged offense.  

The jury was free to consider appellant’s refusal to
submit to a breath-alcohol test as evidence of intoxication.  See Tex. Transp. Code Ann. § 724.061
(West 2011); Bartlett v. State, 270 S.W.3d 147, 152 (Tex. Crim. App.
2008) (noting with approval Hess v. State, 224 S.W.3d 511, 513 (Tex.
App.—Fort Worth 2007, pet. ref’d)); Finley v. State, 809 S.W.2d 909, 913
(Tex. App.—Houston [14th Dist.] 1991, pet ref’d).  Although appellant claims he
did not commit any traffic law infractions and denied being intoxicated, the
jury was not required to believe his testimony.  See Scott v. State, 914
S.W.2d 628, 630 (Tex. App.—Texarkana 1995, no pet.) (involving an accused that
denied committing traffic violations and being intoxicated).

Appellant also claims that Officer Murray could not
rule out whether appellant’s allegedly slurred speech was how appellant
normally spoke.  This testimony was but one portion of a larger body of
evidence the jury considered.  Even without the “slurred speech” testimony, the
record contains sufficient evidence to support the DWI conviction.

A rational finder of fact reasonably could have
determined from the evidence that appellant committed the offense of driving
while intoxicated by operating a motor vehicle in a public place while
intoxicated.  See Tex. Penal Code
Ann. § 49.04(a); Tutt v. State, 940 S.W.2d 114, 123 (Tex.
App.—Tyler 1996, pet. ref’d) (concluding evidence was sufficient to support
conviction for driving while intoxicated based on evidence that an accused
smelled strongly of alcohol, was unsteady on his feet, used vehicle for support
to stand, had glassy eyes, performed poorly on field-sobriety tests, refused
breath test, and admitted having beers earlier in the day).  We conclude that
the evidence is sufficient to support appellant’s conviction.  We, therefore,
overrule his first issue.

Is appellant entitled to a
new trial?

            In his second and
third issues, appellant claims he is entitled to a new trial and the trial
court abused its discretion in denying his motion for new trial.  The trial
judge is the trier of fact at a hearing on a motion for new trial, and we will
not disturb the judge’s findings unless an abuse of discretion is
demonstrated.  Charles v. State, 46 S.W.3d 204, 208 (Tex. Crim. App.
2004), superseded in part on other grounds by, Tex. R. App. P. 21.8(b), as
recognized in State v. Herndon, 215 S.W.3d 901, 905 n.5 (Tex. Crim. App.
2007).  A reviewing court does not substitute its judgment for that of the
trial court, but rather decides whether the trial court’s decision was
arbitrary or unreasonable.  Id.  We view the evidence in the light most
favorable to the trial court’s ruling, deferring to its credibility
determinations, and we presume all reasonable factual findings that could have
been made in support of the trial court’s ruling.  Id.

The evidentiary hearing on appellant’s motion for new
trial centered primarily on documentary evidence of the grant program and the
subpoena and service thereon in procuring those documents.  Appellant’s trial
counsel testified that although a subpoena was served on Mitchell on the day of
trial, the grant program documents were not received until a couple of days
following the jury’s verdict.  According to trial counsel, had he received the
documents in time, he would have recalled Officer Murray to question him about
the grant.  Trial counsel explained that he did not cross-examine Officer
Murray about the grant program because he did not have the documents.  

The prosecutor testified that Officer Murray had been
excused at the end of his trial testimony.  The prosecutor stated that Officer
Murray would not have been subject to cross-examination of the grant program documents
because he had been excused by the trial court with the agreement of both
parties.  The trial judge clarified that had the officer been subject to
recall, she would have considered that as a “heads up” and that she may have
allowed the officer to testify again.  Neither trial counsel nor the trial judge
could remember whether the officer was subject to recall, but they agreed that
the record will speak for itself.  The trial record reflects that, contrary to
the prosecutor’s testimony, at the conclusion of his testimony, Officer Murray
was excused subject to recall and that the trial court ensured the State had a
contact number by which to reach the officer at a later time.  

            In denying the
motion for new trial, the trial judge noted that because appellant’s trial
counsel did not cross-examine Officer Murray about the grant program, she could
not rule on whether the grant documents would have been relevant or admissible
without knowing what arguments trial counsel would have made at that time.  The
trial judge could not remember the off-record discussions at trial relating to
the grant program documents.  The trial court denied the motion based on the
testimony at the evidentiary hearing.

According to appellant, as raised in both his second
and third issues on appeal, the State failed to disclose evidence that Officer
Murray was working pursuant to the state-funded DWI grant program at the time
of appellant’s arrest.  Appellant points to the grant program documents, as
produced at the hearing on his motion for new trial, as being material and
favorable evidence to his defense that was withheld in violation of his due
process rights under Brady v. Maryland.  See 373 U.S. 83, 87, 83
S. Ct. 1194, 1196–97, 10 L. Ed. 2d 215 (1963).  We presume for the sake of
argument that the grant program documents in question constitute Brady
material.  The opportunity to request a continuance once Brady material
is disclosed at trial adequately protects due process.  See Payne v. State,
516 S.W.2d 675, 677 (Tex. Crim. App. 1974).  When, as in this case, the State’s
failure to disclose Brady material is discovered during trial, the accused
is entitled to a recess to obtain production of the material, even if the
defense did not make pre-trial efforts to obtain it.  Crawford v. State,
892 S.W.2d 1, 4 (Tex. Crim. App. 1994).  When an accused fails to request a
continuance, he waives any error resulting from the State’s failure to disclose
evidence.  See Lindley v. State, 635 S.W.2d 541, 543–44 (Tex. Crim. App.
1982).  The record does not reflect that appellant sought a postponement or moved
for continuance upon learning of the grant program,[1] which would
have allowed him time to address the impact of the evidence and develop any
necessary response to it.  Appellant did not seek this relief and consequently waived
any error.  See Taylor v. State, 93 S.W.3d 487, 502 (Tex. App.—Texarkana
2002, pet. ref’d); Williams v. State, 995 S.W.2d 754, 762 (Tex. App.—San
Antonio 1999, no pet.); see also Lindley, 635 S.W.2d at 544; Zule v.
State, 802 S.W.2d 28, 33 (Tex. App.—Corpus Christi 1990, pet. ref’d).  

To the degree appellant asserts as part of his third
issue that the prosecutor factually misled the trial court regarding whether
Officer Murray was subject to recall, the record for the hearing on the motion for
new trial reflects that neither appellant’s trial counsel nor the trial judge
could remember whether the officer was excused or remained subject to recall at
the conclusion of his trial testimony.  In reviewing a trial court’s ruling on
a motion for new trial, we do not substitute our judgment for that of the trial
court, but rather determine whether the trial court’s decision was arbitrary or
unreasonable.  See Charles, 46 S.W.3d at 208.  Based on the information
before the trial court at the time of its ruling, we cannot conclude that the
trial court’s decision was unsupportable.  We find no abuse of discretion, and,
accordingly, we overrule appellant’s second and third issues.

Did the trial court abuse its discretion in admitting
into evidence a video of a field-sobriety test?

In his fourth issue, appellant claims that the trial
court abused its discretion in allowing the State to publish a video depicting
appellant’s performance during the HGN test.  We review a trial court’s
decision to admit or exclude evidence under an abuse-of-discretion standard.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).  Under
this standard, we reverse only if the ruling is outside the zone of reasonable
disagreement.  Id. 

            The record
reflects that appellant objected to the admission of evidence of the HGN test
on the basis that it was not properly administered and moved to suppress it. 
After reviewing the video of the HGN test, the trial court ruled that the test was
not properly administered and granted appellant’s motion to suppress.

            At trial, the
prosecutor sought to enter the video into evidence because it demonstrated that
appellant allegedly was swaying as Officer Murray gave instructions for
performing the HGN test.  The trial court allowed that portion of the video,
without audio, to be played for the jury over appellant’s objections.  

Evidence introduced at a DWI trial is not necessarily
limited to oral testimony, but may also include relevant photos and videos.  See
Griffith v. State¸ 55 S.W.3d 598, 600–01 (Tex. Crim. App. 2001) (concluding
that audio portions of a video are relevant to show impaired speech in support
of a finding of intoxication); Jones v. State, 795 S.W.2d 171, 175–76
(Tex. Crim. App. 1990) (concluding that audio portions of video should be admitted
when questioning did not call for testimony responses); Smith v. State,
105 S.W.2d 203, 207 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d)
(concluding that audio portions of video are relevant to issue of intoxication
because impaired speech is relevant to a whether a person was driving while
intoxicated).  As a general matter, video and audio portions of a videotape recording
of an accused’s performance on field-sobriety tests are admissible.  See
Jones, 795 S.W.2d at 172.  

A video-only portion, as in this case, is admissible
because an accused’s performance on the test does not call for testimonial
responses.  See id. at 171–72.  An accused’s performance of a
field-sobriety test shows the physical condition of a suspect’s body.  See
Gassaway v. State, 957 S.W.2d 48, 51 (Tex. Crim. App. 1997); Jones,
795 S.W.2d at 175.  Any indication of intoxication comes from a suspect’s
demeanor, the manner in which the suspect speaks, and whether the suspect has
the mental and physical ability to perform the tests correctly.  Gassaway,
957 S.W.2d at 51.  A videotape of a field-sobriety test is relevant to
the issue of intoxication because the video provides nothing more than what the
arresting officer saw and could have described in testimony at trial.  Miffleton
v. State, 777 S.W.2d 76, 80 (Tex. Crim. App. 1989).  Officer Murray,
in fact, testified, without objection, to seeing appellant sway slightly, which
he asserted was captured on an unspecified portion of the video.  See id.  A
videotape depicting evidence that is otherwise admissible through testimony is
admissible unless it is offered with the sole intent to inflame the minds of
the jury.  See Lucas v. State, 791 S.W.2d 35, 55 (Tex. Crim. App. 1989).
 In short, evidence of the circumstances surrounding appellant’s
sobriety test was admissible.  See Miffleton, 777 S.W.2d at 80.  

The trial court excluded the audio portion of the HGN
test from evidence because Officer Murray failed to follow proper procedures in
administering the test; that ruling is not contested on appeal.  See Emerson
v. State, 880 S.W.2d 759, 768–69 (Tex. Crim. App. 1994).  But, appellant’s
physical behavior during the test is relevant for the purpose of evaluating his
physical faculties, and the portion of the video shown during trial without
audio was admissible for that purpose.  See Miffleton, 777 S.W.2d at
80.  Therefore, the trial court did not err in admitting the video-only portion
of the HGN test in which appellant allegedly swayed.  See id.  We
overrule appellant’s fourth issue.

Having overruled appellant’s four issues, we affirm
the trial court’s judgment.

                                                

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Frost, Jamison,
and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Although appellant asserted in his motion for new trial that the trial court
denied a request for continuance, the record does not reflect that appellant
ever moved for a continuance.  Appellant did not address this assertion at the
hearing on his motion for new trial.