**Opinion issued July 26, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00491-CV

———————————

## ROBERT W. LAMBERTZ, Appellant

## V.

## ANTHONY MONTZ, Appellee

On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2009-04610

## MEMORANDUM OPINION

The trial court granted summary judgment in favor of pro se plaintiff/appellant Robert W. Lambertz on his claims for assault and defamation against defendant/appellee Anthony Montz. The trial court did not grant summary judgment on Lambertz's claims for intentional infliction of emotional distress.

The trial court also ruled that Lambertz "must prove up damages at trial" on his assault and defamation claims. Montz answered the suit and responded to the motion for summary judgment, but he did not appear at trial.

The jury found that Montz had intentionally inflicted emotional distress on Lambertz. The jury awarded Lambertz $0 in actual damages and $7500 in exemplary damages on both his assault and intentional infliction of emotional distress claims. The jury awarded Lambertz $0 on his defamation claim.

Based on the jury's verdict, the trial court rendered a take nothing judgment against Lambertz, recognizing that, under Texas law, there can be no recovery of exemplary damages in the absence of actual damages.[1] Lambertz now appeals the trial court's judgment, identifying three issues in which he contends (1) judicial misconduct has denied him due process; (2) the trial court improperly ruled on his motion for summary judgment; and (3) the trial court erred by failing to rule on certain objections.

We affirm.

## Denial of Due Process

In his first issue, Lambertz contends that he has been denied due process because this Court and the trial court have engaged in a "conspiracy to discourage pro se litigation." Lambertz characterizes the alleged conduct underlying his

---

[1] *See Doubleday & Co., Inc. v. Rogers*, 674 S.W.2d 751, 753–54 (Tex. 1984).

denial-of-due process claims as "despicable ultra vires judicial criminal acts." Lambertz asserts that this Court and the trial court have received "illicit personal rewards" from unidentified attorneys for the purpose of depriving him, and other pro se litigants, meaningful access to the court system. Lambertz contends the alleged misconduct has hindered his ability to litigate and to appeal his case.

In addition to allegations of receiving "illicit personal rewards," Lambertz asserts that the trial court denied him the right to obtain the reporter's record for this appeal. Lambertz contends that the trial court "artificially" lengthened the record with its "irrelevant and self-serving rambling" in the record, thereby making the record too costly for him to afford.[2] Despite his assertions, the misconduct alleged by Lambertz is not reflected in the record.[3]

To reverse a judgment on the ground of judicial misconduct, we must find judicial impropriety coupled with probable prejudice to the complaining party. *Silcott v. Oglesby*, 721 S.W.2d 290, 293 (Tex. 1986); *Erskine v. Baker*, 22 S.W.3d 537, 539 (Tex. App.—El Paso 2000, pet. denied); *Metzger v. Sebek*, 892 S.W.2d

---

[2] No reporter's record has been filed in this appeal.

[3] Appellee has not filed a response brief. Lambertz contends that for this reason, we must take his verified statements in his appellate brief as true. Lambertz misreads the rule. When an appellee does not file a brief, the appellate court may accept any factual statement made in appellant's brief as true, if supported by record references. *See* TEX. R. APP. P. 38.1(g). Lambertz's allegations that the trial court received "illicit personal rewards" and engaged in "ultra vires judicial criminal acts" are unsupported by record references.

3

20, 39 (Tex. App.—Houston [1st Dist.] 1994, writ denied). We examine the entire record to determine whether these factors are present. *Metzger*, 892 S.W.2d at 39.

Here, the record shows that, in his motion for new trial, Lambertz made many of the same general accusations of "criminal acts" against the trial judge that he now makes on appeal.[4] To his motion for new trial, Lambertz attached (1) an affidavit verifying the motion and (2) an "evidentiary affidavit." The "evidentiary affidavit" does not identify any specific "criminal acts" of wrongdoing by the trial judge to support the general accusation of misconduct; that is, the accusations are without specific factual support. Instead, the affidavit—as does his appellate brief—contains statements reflecting Lambertz's personal opinions and views of the trial judge and the judiciary generally, without factual support. Lambertz's motion for new trial does point to rulings that the trial court made against him. However, adverse rulings against a party do not, by themselves, show judicial impropriety. *See, e.g., Ebert v. Day*, No. 03-04-00264-CV, 2004 WL 2814322, at *3 (Tex. App.—Austin Dec. 9, 2004, no pet.) ("Adverse rulings alone are not evidence of judicial bias.").

We conclude that Lambertz has not shown that the trial judge engaged in judicial impropriety or that any of the alleged impropriety resulted in prejudice to

---

[4]    In his motion for new trial, Lambertz also complained that the trial judge refused to rule on a number of his objections in the trial court. That complaint is addressed *infra* in the discussion of his third issue.

him. *See Metzger*, 892 S.W.2d at 39. Lambertz has also not shown that any alleged judicial impropriety resulted in the rendition of an improper judgment or prevented him from presenting his case on appeal. *See* TEX. R. APP. P. 44.1.

With respect to Lambertz's assertion that this Court has engaged in similar misconduct, such allegations are also without evidentiary support. As with the accusations against the trial judge, the allegations against this Court are based on Lambertz's opinion of this Court and its justices. From his appellate brief, it appears that Lambertz's opinion of this Court may emanate, in part, from this Court's affirmance of his assault conviction in *Lambertz v. State*, 01-00-00633-CR, 2002 WL 1821982 (Tex. App.—Houston [1st Dist.] Aug. 8, 2002, pet. ref'd) (not designated for pub.). Lambertz also seeks to bolster his allegations of misconduct by pointing out that motions he has filed in this Court have been denied. As stated, adverse rulings against a party do not alone show judicial impropriety. *See, e.g., Ebert*, 2004 WL 2814322, at *3.

In any event, the allegations of alleged misconduct against the members of this Court were also contained in Lambertz's motion to disqualify or alternatively, to recuse, the justices of this Court. That motion was considered and denied in en banc order of this Court on June 7, 2012.

For the reasons discussed, we hold that Lambertz has failed to demonstrate he has been denied due process. We overrule Lambertz's first issue.

## Refusal to Rule

In his third issue, Lambertz contends that the trial court's "refusal to rule on objections to judicial 'criminal acts' prevented appellant from presenting [a] meaningful case to the court of appeals." Lambertz points out that, in his motion for new trial, he complained that the trial court had not ruled on three "objections" contained in a pre-trial motion that he had filed in the case. However, the pre-trial motion containing the objections is not included in the record. Lambertz has not demonstrated that the trial court was presented with the "objections" or that the objections were specific enough to make the trial court aware of his complaints. *See* Tex. R. App. P. 33.1(a)(1); *see also*, *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Moreover, the order corresponding to the pre-trial motion is contained in the record. In the order, the trial court crossed out the reference to the three objections. A trial court may rule on a motion either expressly or implicitly. *See, e.g.*, TEX. R. APP. 33.1(a)(2) (providing that, to present complaint for appellate review, record must show that trial court either ruled on motion, expressly or implicitly, or refused to rule and complaining party objected to refusal). By crossing out reference to the objections, the trial court implicitly denied the objections. *See Conely v. Tex. Bd. of Criminal Justice*, No. 03–08–00298–CV, 2010 WL 1632972, at *2 (Tex. App.—Austin Apr. 22, 2010, no pet.) (mem. op.).

Lambertz also contends that the trial court refused to rule on a number of other "objections" contained in his motion for new trial. He contends that the trial court's failure to rule on these objections in the motion for new trial prevented him from presenting his complaints on appeal.[5]

Although the record does not show that the trial court ruled on the motion for new trial, the motion was overruled by operation of law 75 days after it was filed. *See* TEX. R. CIV. P. 329b(c). Significant to Lambertz's argument, we recognize that a trial court does not err when it does not rule on a motion for new trial, allowing the motion to be overruled by operation of law. *See Hamilton v. Williams*, 298 S.W.3d 334, 337 (Tex. App.—Fort Worth 2009, pet. denied); *see also Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 28 (Tex. 1994) (holding that trial courts have not been required to rule on motions for new trial because passage of time may serve to overrule new trial motion by operation of law). In addition, the lack of ruling by a trial court on a motion for new trial does not by itself deprive an appellant of the ability to present the argument on appeal. Rather, "[i]n a civil case, the overruling by operation of law of a motion for new trial or a motion to

---

[5]     Lambertz contends that this Court has also refused to rule on "objections" contained in motions he has filed in this Court. With the exception of his request for extension of time to file his brief, all of Lambertz's motions filed in this Court have been denied. Thus, by implication, the "objections" contained in those motions have also been denied.

modify the judgment preserves for appellate review a complaint properly made in the motion . . . ." TEX. R. APP. P. 33.1(b).

For the reasons discussed, we overrule Lambertz's third issue.

**Motion for Summary Judgment**

In his second issue, Lambertz contends that "the trial court's unlawful ruling on the summary judgment motion precluded [a] lawful final judgment."

To reiterate, the trial court granted summary judgment on Lambertz's claims for defamation and assault. The trial court implicitly denied Lambertz's summary judgment request for an award of damages on these claims when it ruled that Lambertz would need to "prove up" damages at trial on these claims. The damage claims were tried to the jury, which found Lambertz had suffered $0 in actual damages for his assault and defamations claims. The jury awarded $7500 in exemplary damages for the assault claim.

The trial court did not grant Lambertz's motion for summary judgment on his claim for intentional infliction of emotional distress. That claim was also tried to a jury, which found that Montz had intentionally inflicted emotional distress on Lambertz. The jury found $0 actual damages and $7500 in exemplary damages for that claim.

On appeal, Lambertz contends that the trial court erred by failing to grant him "full summary judgment on all relief sought" in his motion. Although not

explained by Lambertz, we construe this as a challenge to the trial court's implicit denial of the portions of Lambertz's motion for summary judgment requesting damages and summary judgment on his intentional infliction of emotional distress claim.

As a general matter, appellate courts do not have jurisdiction to hear the denial of a motion for summary judgment on appeal.[6] *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966); *Cullum v. White*, No. 04–09–00695–CV, 2011 WL 6202800, at *12 (Tex. App.—San Antonio Dec. 14, 2011, pet. denied). In any event, the denial of a motion for summary judgment is not reviewable after a trial on the merits. *See Ackermann*, 403 S.W.2d at 365; *Cullum*, 2011 WL 6202800, at *12; *Old Republic Ins. Co. v. Edwards*, No. 01–10–00150–CV, 2011 WL 2623994, at *11 (Tex. App.—Houston [1st Dist.] June 30, 2011, no pet.) (mem. op.). Here, Lambertz received a trial on the claims for which summary judgment was denied.

For these reasons, we overrule Lambertz's second issue.

---

[6] There are limited exceptions to this rule. A party may appeal a denial of a motion for summary judgment (1) when both parties move for summary judgment, and the trial court grants one motion but denies the other, resulting in a final judgment, *Comm'rs Court of Titus Co. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997), and (2) for certain types of cases listed in chapter 51 of the Texas Civil Practices and Remedies Code, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) & (6) (Vernon 2010). This case does not fall within these exceptions.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Sharp, and Huddle.